# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-36V

**Filed: July 27, 2016**

```
* * * * * * * * * * * * * * *   *
WAHIB MASHINI,                   *
                                 *
            Petitioner,          *
                                 *
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * * * *   *
```

UNPUBLISHED

Special Master Hamilton-Fieldman

Joint Stipulation on Damages;
Tetanus-Diphtheria-Acellular
Pertussis ("TDap") Vaccine;
Guillain Barré Syndrome ("GBS");
Bell's Palsy.

Paul Brazil, Muller & Brazil, LLP, Washington, D.C., for Petitioner.
Julia McInerny, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On January 12, 2015, Wahib Mashini ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the administration of the Tetanus-Diphtheria-Acellular Pertussis ("TDap") vaccine, on February 28, 2013, caused him

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).

1

to develop Guillain-Barré Syndrome ("GBS") and Bell's Palsy.

On July 27, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the TDap vaccine is the cause of Petitioner's alleged GBS, Bell's Palsy, or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive "a lump sum of $50,000.00 in the form of a check payable to [P]etitioner." Appendix A at 2, ECF No. 23-1. They also specify that this "amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)." *Id.*

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review. Vaccine Rule 11(a).